UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-151-MOC

| | |
|---|---|
| CRISTINA ESCALANTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MARTIN O'MALLEY, ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's memorandum in support of her social security appeal. (Doc. No. 6). The Government opposes Plaintiff's memorandum. (Doc. No. 8). Having carefully considered the memoranda, the Court enters the following findings, conclusions, and Order.

### FINDINGS AND CONCLUSIONS

**I.  Administrative History**

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income in January 2020, alleging an onset date of November 11, 2019. After a hearing in January 2022, the ALJ denied Plaintiff's applications. Plaintiff submitted an appeal request, which the Appeals Council denied. The ALJ's decision is thus the final decision of the Commissioner of Social Security ("Commissioner"). After the Appeals Council's denial, Plaintiff timely filed this action.

1

## II. Standard of Review

The Social Security Act limits judicial review of the Commission's final decision—here, the decision of the ALJ. 42 U.S.C. § 405(g). This Court's review is restricted to whether the Commissioner applied the correct legal standard and whether the Commissioner's decision is supported by substantial evidence. Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015); Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). The Court may not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court will defer to the Commissioner. Id. (internal quotation marks omitted).

To the extent that the ALJ's findings of fact are supported by substantial evidence, those findings are conclusive. Id.; Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The "substantial evidence" standard does not require "a large or considerable about of evidence," Pierce v. Underwood, 487 U.S. 552, 564-65 (1988), but instead "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). To satisfy the substantial evidence standard, the ALJ need only find "more than a mere scintilla" of support for the Commission's decision. Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2018).

### a. Sequential Evaluation

The Commissioner, through ALJs, uses a five-step process known as sequential review to determine whether a claimant is disabled. That process unfolds as follows:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)–(f). Here, Plaintiff assigns error to the fourth step of the ALJ's analysis. Specifically, Plaintiff appeals the ALJ's "failure to account for her moderate limitations with maintaining concentration, persistence, or pace in the residual functional capacity (RFC) assessment or to adequately explain why such limitations were unnecessary." (Doc. No. 6 at 1).

### b. The Administrative Decision

To determine whether Plaintiff is disabled, the ALJ applied the sequential evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Doc. No. 5-2 at 33). At step two, the ALJ found that Plaintiff suffers from the following severe impairments:

> degenerative disc disease of the lumbar spine; bilateral carpal tunnel syndrome and cubital tunnel syndrome status-post right release and decompression procedure; right trigger finger status-post release procedure; left knee

degenerative joint disease status-post arthroscopy; right shoulder degenerative joint disease and muscle tear status-post surgical repair and decompression; diabetes mellitus; hypertension; asthma; obstructive sleep apnea; depression; anxiety; and obesity[.]

(Id.). At step three, the ALJ found that none of Plaintiff's impairments, or combinations thereof, met or medically equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id. at 34).

At step four—the subject of Plaintiff's appeal—the ALJ concluded that, given Plaintiff's residual functional capacity for light work, Plaintiff was capable of performing her past work as a cashier. (Id. at 39–40, 48). The ALJ found that Plaintiff had the

> residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following additional limitations: The claimant could lift and/or carry twenty (20) pounds occasionally and ten (10) pounds frequently, stand and/or walk up to six (6) hours in an eight-hour day, and sit up to six (6) hours in an eight-hour day. The claimant could frequently push and/or pull with the bilateral lower extremities. The claimant could frequently climb ramps and stairs, never climb ladders, ropes, or scaffolds, and frequently stoop, kneel, crouch, and crawl. The claimant could occasionally reach overhead with the bilateral upper extremities. The claimant could frequently handle and finger with the bilateral upper extremities. The claimant must avoid concentrated exposure to dust, odors, fumes, and other pulmonary irritants. The claimant must avoid working at unprotected heights. The claimant is limited to performing unskilled work consisting of routine tasks. <u>The claimant could maintain concentration, persistence, and pace for two hour periods during the workday. The claimant requires a stable work environment, which means few and infrequent changes to the work routine</u>.

(Id. at 38–39) (emphasis added).

### III. Discussion

Thus, the ALJ found moderate limitations in Plaintiff's ability to concentrate, persist, or maintain pace. (Doc. No. 5-2 at 37).[1] Plaintiff does not challenge this finding. Plaintiff does

---

[1] "Under the governing regulations that applied to Plaintiff's claim, a 'moderate' rating does not signal an inability to perform relevant work functions, but instead signifies a 'fair' ability to do so: it means that the claimant has a 'fair' ability to concentrate, persist, or maintain pace

4

argue, however, that the ALJ failed to account for these limitations in their residual functioning capacity assessment ("RFC"). To prevail on appeal, Plaintiff must show not only that the ALJ's RFC did not account for these limitations, but also that the ALJ's accounting was not supported by substantial evidence. This the Plaintiff cannot do.

An ALJ fails to account for a claimant's limitations in concentration, persistence, or pace with an RFC that <u>merely</u> limits the claimant to performing simple, routine tasks or unskilled work. <u>Mascio v. Colvin</u>, 780 F.3d 632, 638 (4th Cir. 2015). That makes sense: the complexity of a task is not necessarily related to the concentration, persistence, or pace required to complete it. Here, though, the ALJ's RFC did not <u>merely</u> limit Plaintiff to performing unskilled tasks. The ALJ further limited Plaintiff to two-hour work periods and a stable work environment (i.e., one with few and infrequent changes to the work routine). (Doc. No. 5-2 at 39). The relevant portion of the ALJ's findings follow:

> [W]ith regard to the claimant's mental health impairments, the record establishes that the claimant treated conservatively through her primary care provider and reported good control of symptoms with prescribed mental health medications. Additionally, although the claimant was referred for counseling, the record is devoid of any formal mental health treatment, emergency or inpatient psychiatric care, crisis intervention, or participation in a partial program or other structured setting. Overall, the record establishes that the claimant is limited to performing unskilled work consisting of routine tasks, could maintain concentration, persistence, and pace for two-hour periods during the workday, and requires a stable work environment, which means few and infrequent changes to the work routine.

(<u>Id.</u> at 45) (citations omitted).

Plaintiff maintains that the two-hour and stable work environment limitations fail to account for Plaintiff's limited concentration, persistence, or pace. (Doc. No. 6 at 9). First, Plaintiff asserts that the two-hour restriction is insufficient "because it is customary to have

---

independently, appropriately, effectively, and on a sustained basis. 20 C.F.R. pt. 404, subpt. P, app'x 1, § 12.00(F)(2)." (Doc. No. 8 at 5–6).

breaks every two hours even for workers without limitations." (Id.). But "[t]his Court has repeatedly and consistently stated that reference to the ability to remain on task for two hours at a time satisfies the Mascio requirement that an ALJ address the ability to remain on task when the ALJ finds, in analyzing the Listings, that an individual has moderate limitations in concentration, persistence, or pace." Christensen v. Saul, No. 1:19CV68-MOC, 2019 WL 6359764, at *6 (W.D.N.C. Nov. 27, 2019) (collecting cases). That is precisely the finding the ALJ made here.[2]

Second, Plaintiff argues that the stable work environment limitation likewise fails to account for her difficulties with concentration, persistence, or pace. (Id. at 11). True, the Chad H. Court found that a stable work environment limitation related to the "adapting or managing oneself" domain rather than the "concentration, persistence, and pace" domain. Chad H. v. Kijakazi, No. 22-1241-BAH, 2023 U.S. Dist. LEXIS 61632, at *10–11 (D. Md. Apr. 6, 2023). But Chad H. does not bind this Court. If a claimant has limited concentration, persistence, and pace, it seems obvious that they would be poorly suited for an unstable work environment with frequent changes to the work routine.

---

[2] See also Holland v. Comm'r of Soc. Sec., No. 1:21-CV00358-MR-WCM, 2023 WL 2193007, at *3 (W.D.N.C. Jan. 26, 2023), report and recommendation adopted, No. 1:21-CV-00358-MR-WCM, 2023 WL 2192262 (W.D.N.C. Feb. 22, 2023) (RFC limitation to "sustain[ing] concentration, persistence, and pace for periods of two hours at a time with simple, routine, repetitive tasks" accounted for moderate concentration, persistence, or pace limitation in compliance with Mascio); Buckner v. Saul, No. 1:20-CV-00002-FDW, 2021 WL 467204, at *5 (W.D.N.C. Feb. 9, 2021) ("The ALJ limited Plaintiff to an RFC of 'simple, routine, and repetitive tasks' for two-hour segments at a time, which directly accounts for his limitations in concentration, persistence, and pace."); Hampton v. Saul, No. 1:19-CV-00186-RJC, 2020 WL 3799769, at *3 (W.D.N.C. July 7, 2020) ("This Court has previously held that 'a two-hour limitation directly addresses Plaintiff's moderate limitations in concentration, persistence, or pace."); Morris v. Berryhill, No. 3:18-cv-00152-RJC, 2019 WL 3664642, at *5 (W.D.N.C. Aug. 6, 2019) ("The Court finds that a two-hour limitation addressed Plaintiff's moderate limitations in CPP. This is consistent with other courts' conclusions."); Fender v. Berryhill, No. 1:17cv41-RJC, 2018 WL 1536485, at *7 (W.D.N.C. Mar. 29, 2018) (finding "a two-hour limitation directly addresses Plaintiff's moderate limitations in concentration, persistence or pace").

6

The ALJ's RFC found that despite Plaintiff's concentration, persistence, and pace limitations, she remains capable of unskilled work for two-hour periods in a stable work environment. The ALJ's findings—that Plaintiff suffers some limitations, but can still work subject to the two-hour and stable work environment conditions—are supported by substantial evidence.[3] Specifically, the ALJ credited Dr. Strobel-Nuss' finding that "the claimant retains the ability to maintain attention and concentration for periods of at least two (2) hours while making simple work-related decisions and retains the ability to adapt to routine workplace changes" and Dr. Gregory's finding that "the claimant retains the ability to maintain attention and concentration for periods of at least two-hours while making simple work-related decisions and is able to perform simple routine and repetitive tasks in a low-stress work environment." (Id. at 46). The ALJ credited Doctors Strobel-Nuss and Gregory's opinions because they were "consistent with the longitudinal evidence." (Id.).[4] The ALJ further credited the opinion of consultative examiner Rita Weatherford, MA, "to the extent that it supports mild limitations in understanding and interacting and moderate limitation in concentration, which are consistent with her examination and the claimant's allegations." (Id. at 47). Although Dr. Aregai Girmay opined that Plaintiff suffered serious mental impairment, the ALJ found Dr. Girmay's assessment unpersuasive because it was "inconsistent with the longitudinal evidence noting conservative mental health treatment and reported improvement of her symptoms with medication." (Id.). The ALJ also summarized treatment records showing that Plaintiff's mental impairments were

---

[3] Plaintiff and the Commissioner "disagree about whether medical opinions support the ALJ's findings." (Doc. No. 9 at 3). But mere disagreement is insufficient to undermine the substantial evidence upon which the ALJ's findings are based. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court will defer to the Commissioner. Johnson, 434 F.3d at 653.

[4] "Specifically, the claimant's complaints of difficulty with focus and handling stress and changes in routine support that she would have moderate limitations in concentration and adapting/managing." (Doc. No. 5-2 at 6).

situational, responding to medication, and did not require treatment beside medication prescribed by her primary care provider. (Doc. No. 5-2 at 44).

The ALJ's RFC thus addressed the prior finding that Plaintiff has a moderate limitation in concentration, persistence, and pace. The ALJ found, based on substantial evidence provided by multiple doctors, that Plaintiff can remain on task for two hours at a time. That finding is sufficient to satisfy the Mascio requirement that an ALJ address a claimant's ability to remain on task when an ALJ finds that the claimant has modern limitations in concentration, persistence, or pace. Christensen, No. 1:19CV68-MOC, 2019 WL 6359764, at *6 (W.D.N.C. Nov. 27, 2019). There is no per se rule requiring that an RFC contain specific limitations so long as the ALJ provides sufficient for the limitations provided. Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020). Because the ALJ's finding was supported by substantial record evidence, and because neither regulations nor case law required the ALJ to impose limitations beyond those imposed here, the Court will affirm the Commissioner's final decision.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) The decision of the Commissioner is **AFFIRMED**;

(2) Plaintiff's request for remand to the Commissioner (Doc. No. 6) is **DENIED**;

(3) This action is **DISMISSED**.

(4) The Clerk is directed to terminate Doc. Nos. 6 and 8 to show them as no longer pending in accordance with this Order.

Max O. Cogburn Jr
United States District Judge